IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-30384 |
| LAURA ENEM, | § | (Chapter 7) |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| LAURA ENEM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | ADVERSARY NO. 25-3015 |
| VS. | § | |
| | § | |
| UNITED STATES DEPARTMENT | § | |
| OF EDUCATION, | § | |
| | § | |
| Defendant. | § | |

**OPPOSED EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S
MOTION TO INTERVENE AS PARTY DEFENDANT**

Educational Credit Management Corporation ("**ECMC**"), by its undersigned counsel, Pursuant to Federal Rule of Bankruptcy Procedure 7025 and Federal Rule of Civil Procedure 25, hereby files this *Motion to Intervene as Party Defendant* (the "**Motion**") in this adversary proceeding.  In support of this *Motion*, ECMC respectfully states as follows:

1.       Plaintiff, Laura Enem, ("**Plaintiff**") is the Debtor herein. Plaintiff's *Complaint* in this adversary proceeding seeks to discharge her student loan obligations pursuant to 11 U.S.C. § 523(a)(8).

2.       Among Plaintiff's student loan obligations is one (1) Federal Family Education Loan Program ("**FFELP**") consolidated loan with a current outstanding balance in excess of $120,793 (hereafter the "**Consolidated Loan**"). The Consolidated Loan originally was guaranteed

by the Pennsylvania Higher Education Assistance Agency ("**PHEAA**"), is the servicer of the Consolidated Loan and holds no legal interest in the Consolidated Loan.

3.      ECMC is a non-profit corporation organized under the laws of the State of Minnesota and a student loan guaranty agency in the FFELP. ECMC is governed by the Higher Education Act, 20 U.S.C. § 1070, *et seq.*, and 34 C.F.R. 682.100, *et seq.*

4.      Under the FFELP, lenders may not hold interests in student loans that are the subject of a bankruptcy adversary proceeding and, in such circumstances, are required to file claims with the FFELP guarantor under a promissory note's guaranty provision and in accordance with federal law. *See* 34 C.F.R. § 682.402(f).[1] As a result, ECMC is the present holder of all right, title, and interest in the Consolidated Loan and, accordingly, has standing to defend this adversary proceeding.

5.      Given that ECMC now possesses all right, title and interest in the Consolidated Loan, ECMC is "so situated that the disposition of th[is] action" without ECMC's participation would, as a practical matter, impair or impede ECMC's ability to protect its interest in the Consolidated Loan. *See* Fed. R. Civ. P. 24(a)(2). Further, ECMC's interest will not be adequately protected by the United States Department of Education because United States Department of Education does not hold any interest in the Consolidated Loan and, therefore, does not possess the requisite statutory authority, nor the incentive, to defend the instant action to determine the

---

[1] Federal regulations expressly provide that "the lender shall file a bankruptcy claim on the loan with the guaranty agency… if… [t]he borrower has begun an action to have the loan obligation determined to be dischargeable on grounds of undue hardship." *See* 34 C.F.R. § 682.402(f)(5). Thereafter, "[i]n the case of a bankruptcy claim, the guaranty agency shall, upon receipt of the claim from the lender, immediately take those actions required… to oppose the discharge of the loan by the bankruptcy court." 34 C.F.R. § 682.402(h)(1)(ii); *see also* 34 C.F.R. § 682.402(i)(1)(iv). Thus, upon receipt of a bankruptcy claim, the guarantor becomes the real party in interest in an adversary proceeding seeking an undue hardship discharge of a student loan.

dischargeability of the Consolidated Loan under § 523(a)(8). *Id.* Thus, ECMC is entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2).

6.      Alternatively, ECMC should be permitted to intervene under Fed. R. Civ. P. 24(b)(1)(B) because ECMC has defenses that share with the main action common questions of law and fact. Indeed, this entire action turns on the application of the *Brunner* test to determine whether repayment of the Consolidated Loan would cause the Plaintiff to suffer "undue hardship" under 11 U.S.C. § 523(a)(8). *See Educ. Credit Mgt. Corp. v. Frushour (In re Frushour)*, 433 F.3d 393, 400 (4th Cir. 2005) (adopting three-part undue hardship test of *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)). Further, permissive intervention at this early stage of the proceedings, before any discovery has taken place, will not delay or prejudice the adjudication of the original parties' rights.

WHEREFORE, for the foregoing reasons, ECMC respectfully requests that the Court enter an Order joining ECMC to this action as a party defendant in accordance with Fed. R. Bankr. P. 7024; granting ECMC leave to file an answer to Plaintiff's *Complaint*; and granting ECMC such other and further relief as the Court deems necessary and proper.


[INTENTIONALLY LEFT BLANK]

Date: August 13, 2025.                    Respectfully submitted:

                                          AKERLY LAW PLLC

                                          By: /s/ *Bruce W. Akerly*
                                               Bruce W. Akerly
                                               Texas Bar No. 00953200
                                               Robert N. Loughran
                                               Texas Bar No. 24111197

                                          2785 Rockbrook Drive, Suite 201
                                          Lewisville, Texas 75067
                                          (469) 444-1878 Telephone
                                          bakerly@akerlylaw.com
                                          rloughran@akerlylaw.com

                                          ATTORNEYS FOR DEFENDANT
                                          EDUCATIONAL CREDIT
                                          MANAGEMENT CORPORATION

<u>CERTIFICATE OF CONFERENCE</u>

I HEREBY CERTIFY that on August 12, 2025 and August 13, 2025 I attempted to confer with Debtor who did not respond to ECMC's request.  ECMC will continue to attempt to confer with Plaintiff. On August 13, 2025, I conferred with the Defendant and it is not opposed to *Educational Credit Management Corporation's Motion to Intervene as Party Defendant.*

                                          By: /s/ *Robert N. Loughran*
                                               Robert N. Loughran

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 13, 2025, a copy of *Educational Credit Management*

*Corporation's Motion to Intervene as Party Defendant* and proposed Order was served by First-

Class mail, postage prepaid, to those parties listed below:

Laura Enem
2015 Holly Glade Lane
Sugar Land, TX 77498

*Plaintiff / Debtor*

By: <u>*/s/ Bruce W. Akerly*</u>
Bruce W. Akerly
