UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: REBECCA MARIE LAWRENCE, | § § | CASE NO. 24-32919 |
| Debtor | § § | CHAPTER 7 |
| REBECCA MARIE LAWRENCE, | § § | |
| Plaintiff, | § § | ADV. PRO: 25-3005 |
| v. | § § | |
| UNITED STATES DEPARTMENT OF EDUCATION, | § § § | |
| Defendant. | § § | |

## JOINT MOTION FOR ORDER DETERMINING DISCHARGEABILITY

Plaintiff Rebecca Marie Lawrence and the United States of America, on behalf of the United States Department of Education ("DOE"), respectfully stipulate to the following facts and conclusions and jointly move the Court for a determination that Plaintiff's DOE student loan debts that are the subject of this adversary proceeding are dischargeable under 11 U.S.C. § 523(a)(8).

## FACTUAL BACKGROUND

1. Plaintiff filed her voluntary chapter 7 bankruptcy petition on June 25, 2024. *See* Bankr. Case No. 24-33525. *See* ECF Doc. 1.

2. The Chapter 7 Trustee filed his Report of No Distribution in that case on July 26, 2024, asserting that after a diligent inquiry into the financial affairs of the Plaintiff-Debtor and the location of the property belonging to the estate, there was no property available for distribution from the estate over and above that exempted by law. *See* Bankr. Case No. 24-32919, ECF Doc. 23.

3. On January 15, 2025, Plaintiff moved to reopen her Chapter 7 case for purposes of filing an adversary proceeding to determine the dischargeability of her federal student loans. *See* Bankr.

1

Case No. 24-32919, ECF Doc. 33 and 34.

4. Meanwhile, on January 21, 2025, Plaintiff filed this adversary proceeding to determine the dischargeability of her student loan debts to DOE. ECF Doc. 1.

5. In total, Plaintiff has borrowed $44,783.26 to obtain an associate's degree. She completed her degree but remains unemployed.

6. As of August 11, 2025 the balance of the student loan debts was $53,577.87 with interest.

7. Plaintiff seeks a determination that all these student loans are dischargeable.

## LEGAL ANALYSIS

Student loans debts are generally not to be discharged under the Bankruptcy Code. 11 U.S.C. § 523(a)(8). However, a narrow exception exists where "excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents." *Id.* While the Bankruptcy Code does not define "undue hardship," the Fifth Circuit, along with most circuits, has adopted the standard set forth in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987). *See, e.g.*, *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003); *In re Cox*, 338 F.3d 1238, 1241-42 (11th Cir. 2003). The *Brunner* test requires the debtor to show:

> (1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*In re Gerhardt*, 348 F.3d at 91 (citing *Brunner*, 831 F.2d at 396). The debtor must prove that all three *Brunner* factors are met by a preponderance of the evidence. *In re Mosley*, 494 F.3d 1320, 1324 (11th Cir. 2007). However, "the bankruptcy court must make an independent determination of undue hardship . . . even if the creditor fails to object or appear in the adversary proceeding." *United Student*

*Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 278 (2010).

## STIPULATION

The United States of America and Plaintiff agree that Plaintiff has satisfied the *Brunner* test and shown that excepting Plaintiff's federal student loan debts from discharge will impose an undue hardship on Plaintiff. Specifically, the Parties stipulate that (1) Plaintiff cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that Plaintiff has made good faith efforts to repay the loans.

The United States of America and Plaintiff thus jointly move the Court for an order determining that Plaintiff's Department of Education student loan debts are dischargeable under 11 U.S.C. § 523(a)(8).

## CONCLUSION

Based on the foregoing, the parties respectfully request that the Court enter an order determining that Plaintiff's student loan debts listed above are dischargeable under 11 U.S.C. § 523(a)(8) and granting such other and further relief as the Court deems just and proper.

Dated: August 21, 2025                                                Respectfully submitted,

/s/ Alan Borden w/permission                         NICHOLAS J. GANJEI
**Alan Dexter Borden**                                      United States Attorney
Resolve Law Group
25140 Kingsland Blvd., Ste. 100                      By: */s/ Natasha Alexander*
Katy, TX 77494                                                   Natasha Alexander
813-231-2088                                                      Assistant United States Attorney
Email: alan@resolvelawgroup.com              Southern District No. 3770021
                                                                              Texas Bar No. 24125476
**Attorney for Plaintiff Rebecca Marie Lawrence**    1000 Louisiana, Suite 2300
                                                                              Houston, Texas 77002
                                                                              Tel: (713) 567-9422

3

Fax: (713) 718-3300
E-mail: Natasha.Alexander@usdoj.gov

**Attorney for the United States Department of Education**

4